Dillon, J.
This action involves the construction and interpretation of Section 4 of the act of May 10th, 1910 (101 O. L., 430). This section was left intact and unrepealed in the passage of the so-called Smith One Per Cent. Law (102 O. L., 266).
The relator complains of the action of the county commissioners of Franklin eounty, taken on September 2, 1911, whereby the said commissioners by resolution declared it to be necessary to raise $87,000 for the purpose of providing funds for the construction, re-construction, repair, maintenance, etc., of one hundred and fifty-eight free turnpikes and improved roads in *53 said county, and ordering that a levy of three-tenths of one mill be made to provide said fund, in addition to the ordinary levies authorized by law.
Relator issued an order to the auditor of Franklin county, instructing him to refuse to obey this order or to certify or enter any such levy. It asks that he be compelled to obey this order and also that he be enjoined from entering the levy upon the duplicate.
Section 4, above referred to, provides as follows:
‘ ‘ For the emergencies mentioned in Sections 4450, 4451, 5629, and 7419, of the General Code, the taxing authorities of any district may levy a tax sufficient to provide therefor, irrespective of any limitations of this act. ’ ’
The so-called emergencies referred to in the four statutes provide for the raising of money in eases of epidemic or threatened epidemic, or the unusual prevalence of a dangerous disease, or of injury or destruction by fire to certain county buildings, .and last of all, as provided in Section 7419:
“When one or more of the principal highways of a county or part thereof have been destroyed or damaged by freshet, landslide, wear of water-courses, or other casualty, or by reason of the large amount of traffic thereon, or from neglect or inattention to the repair thereof, have become unfit for travel, or cause difficulty, danger or delay to teams passing thereon, and the commissioners of such county are satisfied that the ordinary levies authorized by law for such purposes will be inadequate to provide money necessary to repair such damages, or to remove obstructions from or to make the changes or repairs necessary from the causes herein enumerated, they may annually thereafter levy a tax at their June session not exceeding five miles upon the dollar, ’ ’ etc.
The Attorney-General contends that the word “emergencies” as used 'in Section 4 is not a general term applying to all the conditions set forth in the statutes foregoing, but that it is the duty of the court to determine just which ones of the conditions named in Section 7419 are actual emergencies, and which one or more of those conditions are not real emergencies.
I am of the opinion that the Legislature in using the word “emergencies” in this case referred to all the conditions and *54 situations enumerated in the statute as a class, and did not intend thereby to leave it open to judicial interpretation as to which ones could be considered emergencies in the strictest sense of that term, and which ones not. If the Legislature had any such intent, it certainly would not have used the language in the form it has to express it.
Section 7419 sets forth a number of causes' which place it within the power' of the commissioners in the proper exercise of their discretion to exceed the limitations provided by the general taxing statute, and it is not fault of the courts if this statute was designedly made broad for the very purpose of enabling such additional levies.
The word “emergencies” as used by the Legislature in Section 4, therefore, means an exigency, or an urgency, a condition of pressing necessity, a need, a situation which demands prompt action, and the condition of the roads enumerated in Section 7419, from the causes therein mentioned are to my mind clearly within the meaning which the Legislature gave in Section 4.
There is some complaint also in this case that the resolution was indefinite, in that it was a blanket resolution, without specifying each road separately and enumerating the particular cause of the condition of each road. There is no statute which, requires any' such' specification, and the fact that the commissioners embraced all the roads in one general blanket resolution does not void the resolution.
Other questions were raised at the trial, but I believe counsel agree that if the foregoing interpretation of the statute is the one to be adopted by the court, no further question need be presented.
The motion of the plaintiff, therefore, for a judgment on the pleadings is overruled, and a judgment will be entered dismissing the petition at the costs of the relator.